**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6547**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES O. POPE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:05-cr-00305-HEH-RCY-1)

Submitted:  January 22, 2026                                    Decided:  January 27, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Robert J. Wagner, ROBERT J. WAGNER PLC, Richmond, Virginia, for Appellant.  Lindsey Halligan, United States Attorney, James Reed Sawyers, Assistant United States Attorney, Angela Mastandrea, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James O. Pope, Jr., appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pope contends that the court reversibly erred by inadequately considering his argument that he no longer qualified as an armed career criminal following the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. As relevant on appeal, the district court concluded that Pope failed to establish an extraordinary and compelling reason for release because he had not yet served 10 years of his term of imprisonment. We affirm.

We review for abuse of discretion the district court's denial of compassionate release. *United States v. Centeno-Morales*, 90 F.4th 274, 280 (4th Cir. 2024). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (citation modified).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). If these factors are met, then "the district court [may] grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

Under U.S. Sentencing Guidelines Manual § 1B1.13(b)(6), p.s. (2024), "a change in the law (other than an amendment to the Guidelines Manual that has not been made

retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason" when the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" and "such change [in the law] would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Pope does not contest that he has not yet served 10 years of his sentence. Instead, on appeal, he seeks to rely on USSG § 1B1.13(b)(5), p.s., which recognizes that "other reasons" may justify a sentence reduction so long as those reasons "are similar in gravity" to the reasons specified in the Guidelines. But Pope's argument hinges on a purported change in law as a result of the First Step Act, and the policy statement limits consideration of changes in law exclusively to § 1B1.13(b)(6). *See* USSG § 1B1.13(c), p.s. ("Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.").

Because Pope has not yet served 10 years of his sentence, a sentence reduction based on alleged changes in the law would be "[in]consistent with applicable policy statements issued by the Sentencing Commission." *See Malone*, 57 F.4th at 173. Accordingly, the district court did not abuse its discretion by finding that Pope failed to establish an extraordinary and compelling reason for relief and denying his motion on that ground. We therefore affirm the court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

3